JOHN E. GRANT, III OSB #112052
MELTZER GRANT LLC
107 SE Washington St., Suite 410
Portland, OR 97214
T: 503–345–6912
F: 503–345–6912
E: john@meltzergrant.com

Attorney for Plaintiff


UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


| | |
|---|---|
| EXACT ORDER SPECIALTIES, an Oregon Sole Proprietorship, | Case No. 3:12–cv–00631 |
| Plaintiff, | **COMPLAINT** |
| v. | **for Federal Trademark Infringement; Federal Trademark Counterfeiting; Federal Unfair Competition; Oregon Trademark Infringement and Counterfeiting; Oregon Trademark Dilution; Oregon Unlawful Trade Practices; Common Law Trademark Infringement and Unfair Competition** |
| GLOW INDUSTRIES, INC., an Ohio Corporation; DAVID GLOWACKI, an individual; BRIAN NUPP, an individual; and DOES 1–10, | |
| Defendants. | **DEMAND FOR JURY TRIAL** |

COMES NOW Plaintiff Exact Order Specialties, by and through its attorneys, Meltzer

Grant LLC, and alleges as follows:


COMPLAINT and JURY DEMAND
Page 1

## THE PARTIES

1.    Plaintiff Exact Order Specialties is an Oregon sole proprietorship with its principal place of business at 5700 SE Johnson Creek Boulevard, Portland, Oregon 97206–0634.

2.    Erik Sigrist is the sole proprietor of Exact Order Specialties.

3.    Upon information and belief, Defendant Glow Industries, Inc. ("Glow") is an Ohio corporation with its principal place of business at 12962 Eckel Junction Road, Perrysburg, Ohio 43551–1309.

4.    Upon information and belief, Defendant David Glowacki ("Mr. Glowacki") resides in Ohio and is President of Glow Industries, Inc.

5.    Upon information and belief, Defendant Brian Nupp ("Mr. Nupp") resides in Ohio and is a Vice President of Glow Industries, Inc.

6.    The true names and capacities, whether individual, corporate, associate, or otherwise, of all defendants sued herein as DOES 1–10, are unknown to Plaintiff, who therefore sue said Defendants by such fictitious names. Plaintiff will seek leave of the Court to amend this Complaint to state their true names and capacities when the same have been ascertained. Upon information and belief, Plaintiff believes that said defendants are liable to Plaintiff as a result of their participation in, or control of, all or some of the acts hereinafter set forth.

## JURISDICTION AND VENUE

7.    This is a civil action seeking damages and injunctive relief for federal trademark infringement, federal trademark counterfeiting, federal unfair competition, statutory trademark counterfeiting, statutory trademark dilution, statutory unlawful trade practices, common law trademark infringement and common law unfair competition.

COMPLAINT and JURY DEMAND
Page 2

8.   The Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a) because it is a civil action involving a federal question relating to trademark infringement and trademark counterfeiting claims arising under the Lanham Act, 15 U.S.C. §§ 1051–1127. The Court also has subject matter jurisdiction over this action under 28 U.S.C. § 1338(b) because it is a civil action involving a claim for unfair competition joined with claims for trademark infringement and trademark counterfeiting arising under the Lanham Act, 15 U.S.C. §§ 1051–1127. The Court has original jurisdiction over this action pursuant to 15 U.S.C. § 1121 because it is a civil action relating to trademark infringement, trademark counterfeiting, dilution, and unfair competition arising under 15 U.S.C. §§ 1114 and 1125. The Court has supplemental jurisdiction over all of the other claims pursuant to 28 U.S.C. § 1367(a).

9.   The Court has personal jurisdiction over Defendants because Defendants are conducting business in Oregon, Defendants' acts of trademark infringement, trademark counterfeiting, and unfair competition are occurring in Oregon, Defendants know or should know that they are causing harm to Plaintiff in Oregon, and Defendants should reasonably anticipate being haled into court in Oregon.

10.  Venue is proper in the District of Oregon pursuant to 28 U.S.C. § 1391 (b) and (c) because a substantial parts of the events or omissions giving rise to Plaintiff's claims occurred in the District of Oregon and because Defendants are subject to the personal jurisdiction in the District of Oregon.

//

//

//

MELTZER GRANT LLC
107 SE WASHINGTON ST. #410
PORTLAND, OR 97214
503-345-6912

## GENERAL ALLEGATIONS

11.   Plaintiff Exact Order Specialties is an Oregon-based design and manufacturing business that proudly produces its high-quality products in the United States. Plaintiff's products include musical instruments, guitar jack sockets, and premium smoking pipes.

12.   One of Exact Order Specialties' most popular products is the Monkey Pipe, a small and portable smoking pipe made from high quality, hand finished hardwoods.

13.   Plaintiff owns a federally registered trademark, together with all common law rights, for its Exact Order Specialties "eye" logo design. Plaintiff's mark is registered on the United States Patent and Trademark Office ("USPTO") Principal Register as United States Federal Trademark Registration No. 3,060,212 in the trademark E.O.S. Eye logo for "Musical instrument connector, namely, guitar jack sockets" and "Smoking apparatus, namely, a smoking pipe" based on use since as early as October 10, 1995. A true and correct copy of this registration is attached as Exhibit A.

14.   United States Federal Trademark Registration No. 3,060,212 ("E.O.S. Eye Logo") is incontestable pursuant to 15 U.S.C. § 1065.

15.   A drawing of the E.O.S. EYE Logo design from Plaintiff's Federal Trademark Registration No. 3,060,212 is shown below:



16.   Plaintiff also owns a federally registered trademark, together with all common law rights, for the term MONKEY PIPE. Plaintiff's mark is registered on the USPTO Principal Register

MELTZER GRANT LLC
107 SE WASHINGTON ST. #410
PORTLAND, OR 97214
503-345-6912

as United States United States Registration No. 3,883,064 in the trademark MONKEY PIPE

(collectively with the E.O.S. Eye Logo, the "E.O.S. Marks") for "Smoking Pipes" based on use since

at least as early as October 10, 1995. A true and correct copy of this registration is attached as

Exhibit B.

17.   Plaintiff's United States Federal Trademark Registrations are in full force and effect and

have been in full force and effect at all times relevant to this action.

18.   Plaintiff has expended significant effort, money, skill, and experience developing,

producing, marketing, and selling products using its E.O.S. Eye Logo.

19.   Plaintiff's E.O.S. Eye Logo is widely recognized by the consuming public of the United

States.

20.   Plaintiff has expended significant effort, money, skill, and experience developing,

producing, marketing, and selling the Monkey Pipe.

21.   Plaintiff's MONKEY PIPE mark is widely recognized by the consuming public of the

United States.

22.   Plaintiff sells and markets each Monkey Pipe as a MONKEY PIPE, which bears the

E.O.S. Eye Logo inscribed on each pipe.

23.   Each Monkey Pipe prominently displays the ® symbol in conjunction with the E.O.S.

Eye Logo.

24.   Exact Order Specialties has developed an outstanding reputation because of the high

quality of its products, including the Monkey Pipe and other products bearing the E.O.S. Eye

Logo.

COMPLAINT and JURY DEMAND
Page 5

25.   On February 17, 2010, Defendant Brian Nupp, a vice president of Glow, contacted Exact Order Specialties via email, identified Glow as a large and capable wholesaler, and expressed interest in wholesaling Monkey Pipes.

26.   On February 19, 2010, Mr. Nupp again contacted Exact Order Specialties via email, in which he requested information so that he could send a purchase order for Monkey Pipes.

27.   On March 12, 2010, Jason Davis, an employee of Exact Order Specialties, contacted Mr. Nupp via email and inquired whether Glow was still interested in wholesaling Monkey Pipes.

28.   On March 15, 2010, Mr. Nupp contacted Exact Order Specialties via email to renew his interest in sending a purchase order for Monkey Pipes, provided that Glow receive certain payment terms.

29.   Exact Order Specialties never received a purchase order from Glow.

30.   On or around December 2011, Exact Order Specialties became aware that Glow had taken actions to infringe the E.O.S. Marks by advertising, distributing, and selling a product called "USA Made Monkey Pipe."

31.   Exact Order Specialties at no time has manufactured a product known as "USA Made Monkey Pipe."

32.   The "USA Made Monkey Pipe" sold by Glow Industries is an obvious, low quality knock-off of the Monkey Pipe.

33.   Glow had statutory notice of Plaintiff's E.O.S. Marks and, upon information and belief, actual notice of Plaintiff's E.O.S. Marks.

34.   The "USA Made Monkey Pipe" distributed by Glow features a crude copy of the E.O.S. EYE logo and bears a false ® symbol.

MELTZER GRANT LLC
107 SE WASHINGTON ST. #410
PORTLAND, OR 97214
503-345-6912

35.   Upon information and belief, Defendants have created, manufactured, sold, and/or distributed a yet-to-be determined number of illegal copies of the Monkey Pipe in Oregon and elsewhere across the United States, directly to consumers or through third party distributors and retailers or both.

36.   Upon information and belief, Defendants are also advertising smoking pipes using Plaintiff's E.O.S. Marks outside of the United States, including Europe.

37.   Plaintiff has never licensed or otherwise authorized Defendants to adopt, use, or apply to register Plaintiff's E.O.S. Marks with any goods or services.

38.   Defendants' conduct has caused Plaintiff damage to its business, reputation, and goodwill.

## FIRST CAUSE OF ACTION—FEDERAL TRADEMARK INFRINGEMENT

39.   Plaintiff incorporates paragraphs 1 through 38 above, as though fully set forth herein.

40.   Plaintiff owns and uses its E.O.S. Marks for smoking pipes.

41.   Through significant effort, money, skill, and experience, Plaintiff has acquired and enjoys valuable goodwill, recognition, and reputation through its E.O.S. Marks. Plaintiff's exacting craftsmanship and attention to detail have contributed to Plaintiff's valuable goodwill, recognition, and reputation.

42.   In producing its knock-offs of the Monkey Pipe, Defendants have adopted, advertised, offered for sale, sold, and used Plaintiff's E.O.S. Marks on smoking pipes without Plaintiff's permission or authorization.

43.   This unauthorized adoption, advertising, offer for sale, sale, and use of Plaintiff's E.O.S. Marks is likely to cause confusion, mistake, and deception by creating the false and misleading

MELTZER GRANT LLC
107 SE WASHINGTON ST. #410
PORTLAND, OR 97214
503-345-6912

impression that Defendants' goods are manufactured or distributed by Exact Order Specialties, or are associated or connected with Exact Order Specialties, or have the sponsorship, approval, or endorsement of Exact Order Specialties.

44. Defendants' actions constitute trademark infringement, directly and/or secondarily, in violation of 15 U.S.C. § 1114.

45. Defendants' actions have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion among ordinary consumers.

46. Defendants' actions reveal an intentional, willful, and malicious intent to trade on Plaintiff's valuable reputation and goodwill associated with its E.O.S. Marks.

47. These actions have caused Plaintiff irreparable harm and, unless enjoined, Defendants' acts will continue to cause Plaintiff irreparable harm and injury to its business, reputation, and goodwill.

48. As a result of the trademark infringement described above, Plaintiff is entitled to relief, including injunctive relief, recovery of Defendant's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1114, 1116, and 1117.

### SECOND CAUSE OF ACTION—FEDERAL TRADEMARK COUNTERFEITING

49. Plaintiff incorporates paragraphs 1 through 48 above, as though fully set forth herein.

50. Upon information and belief, Defendants have used fake designations that are identical to or substantially similar to the E.O.S. Marks in connection with goods that are covered by Plaintiff's United States Federal Trademark registrations in the E.O.S. Marks.

COMPLAINT and JURY DEMAND
Page 8

51.  Upon information and belief, Defendants have intentionally adopted and used these fake designations knowing that they are counterfeit marks in connection with the advertising, offer for sale, sale, and distribution of smoking pipes.

52.  Defendants' unauthorized adoption, advertising, offer for sale, sale, and use of Plaintiff's E.O.S. Marks with smoking pipes is likely to cause confusion, mistake, or deception in the minds of ordinary consumers, leading these consumers to believe that Defendants' smoking pipes are the same as Exact Order Specialties' smoking pipes, or that they are authorized, sponsored, or approved by Exact Order Specialties, or that they are affiliated or connected to Exact Order Specialties.

53.  Defendants' unauthorized adoption, advertising, offer for sale, sale, and use of Plaintiff's E.O.S. Marks with smoking pipes are likely to result in Defendants unfairly benefiting from Plaintiff's own advertising and promotion of its smoking pipes, and in Defendants profiting from the reputation of Exact Order Specialties and its E.O.S. marks, all to the substantial and irreparable injury of the public and Plaintiff, its E.O.S. marks, and the valuable reputation and goodwill associated with its E.O.S. Marks.

54.  Defendants' acts constitute trademark counterfeiting, directly and/or secondarily, in violation of 15 U.S.C. § 1114.

55.  Defendants' actions have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion among ordinary consumers.

56.  Defendants' actions reveal an intentional, willful, and malicious intent to trade on Plaintiff's valuable reputation and goodwill associated with its E.O.S. Marks.

MELTZER GRANT LLC
107 SE WASHINGTON ST. #410
PORTLAND, OR 97214
503-345-6912

57.   These actions have caused Plaintiff irreparable harm and, unless enjoined, Defendants' acts will continue to cause Plaintiff irreparable harm and injury to its business, reputation, and goodwill.

58.   As a result of the trademark counterfeiting described above, Plaintiff is entitled to relief, including injunctive relief, recovery of Defendant's profits, actual damages, enhanced profits and damages (including treble damages), costs, and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1114, 1116, and 1117.

### THIRD CAUSE OF ACTION—FEDERAL UNFAIR COMPETITION

59.   Plaintiff incorporates paragraphs 1 through 58 above, as though fully set forth herein.

60.  Defendants' have and will continue to profit from the interstate exploitation of Plaintiff's E.O.S. Marks. Such use of Plaintiff's marks is a false designation of origin, which is likely to cause confusion, cause mistake, and to deceive as to the affiliation, connection, or association of Defendants with Exact Order Specialties.

61.   Defendants' actions as alleged herein constitute the use in commerce of false designations of origin and false or misleading descriptions or representations, tending to falsely or misleadingly describe and/or represent Defendants' smoking pipes as those of Plaintiff, directly and/or secondarily, in violation of 15 U.S.C. § 1125(a).

62.   These actions have caused Plaintiff irreparable harm and, unless enjoined, Defendants' acts will continue to cause Plaintiff irreparable harm. Defendants' actions have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion among ordinary consumers, in addition to injury to Plaintiff's valuable reputation and goodwill associated with its E.O.S. Marks.

MELTZER GRANT LLC
107 SE WASHINGTON ST. #410
PORTLAND, OR 97214
503-345-6912

63.  Defendants' actions reveal an intentional, willful, and malicious intent to trade on Plaintiff's valuable reputation and goodwill associated with its E.O.S. Marks.

64.  These actions have caused Plaintiff irreparable harm and, unless enjoined, Defendants' acts will continue to cause Plaintiff irreparable harm to its business, reputation, and goodwill.

65.  As a result of the unfair competition as described above, Plaintiff is entitled to relief, including injunctive relief, recovery of Defendant's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1125(a), 1116, and 1117.

## FOURTH CAUSE OF ACTION—OREGON TRADEMARK INFRINGEMENT AND COUNTERFEITING

66.  Plaintiff incorporates paragraphs 1 through 65 above, as though fully set forth herein.

67.  Upon information and belief, Defendants have used fake designations that are identical to or substantial indistinguishable to the E.O.S. Marks with the same type of goods covered by Plaintiff's United States Federal Trademark registrations in the E.O.S. Marks.

68.  Upon information and belief, Defendants have intentionally adopted and used these fake designations knowing that they are counterfeit marks in connection with the advertising, offer for sale, sale, and distribution of smoking pipes.

69.  Defendants' acts constitute trademark infringement and/or counterfeiting in violation of O.R.S. §§ 647.095 and 647.135.

70.  Defendants' actions reveal an intentional, willful, and malicious intent to trade on Plaintiff's valuable reputation and goodwill associated with its E.O.S. Marks.

71.  These actions have caused Plaintiff irreparable harm and, unless enjoined, Defendants' acts will continue to cause Plaintiff irreparable harm to its business, reputation, and goodwill.

MELTZER GRANT LLC
107 SE WASHINGTON ST. #410
PORTLAND, OR 97214
503-345-6912

72.  As a result of the trademark counterfeiting described above, Plaintiff is entitled to relief, including injunctive relief, recovery of Defendant's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees pursuant to O.R.S. §§ 647.105 and 647.107.

### FIFTH CAUSE OF ACTION—OREGON TRADEMARK DILUTION

73.  Plaintiff incorporates paragraphs 1 through 72 above, as though fully set forth herein.

74.  Plaintiff has expended significant efforts in promoting its E.O.S. Marks throughout the United States, including the State of Oregon, and Plaintiff's E.O.S. Marks have become a distinctive and well-known symbol of Exact Order Specialties' high quality goods.

75.  Defendants' use of the E.O.S. Marks dilutes and is likely to dilute the distinctiveness of the E.O.S. Marks by undermining an ordinary consumer's identification of the E.O.S. marks with Plaintiffs in violation of O.R.S. § 647.107.

76.  These actions have caused Plaintiff irreparable harm and, unless enjoined, Defendants' acts will continue to cause Plaintiff irreparable harm. Defendants' actions have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion among ordinary consumers, in addition to injury to Plaintiff's valuable reputation and goodwill associated with its E.O.S. Marks.

77.  Defendants' actions reveal an intentional, willful, and malicious intent to dilute Plaintiff's E.O.S. Marks.

78.  These actions have caused Plaintiff irreparable harm and, unless enjoined, Defendants' acts will continue to cause Plaintiff irreparable harm to its business, reputation, and goodwill.

Meltzer Grant LLC
107 SE Washington St. #410
Portland, OR 97214
503-345-6912

79. As a result of the dilution as described above, Plaintiff is entitled to relief, including injunctive relief, recovery of Defendant's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees pursuant to O.R.S. §§ 647.105 and 647.107.

## SIXTH CAUSE OF ACTION—UNLAWFUL TRADE PRACTICES

80. Plaintiff incorporates paragraphs 1 through 79 above, as though fully set forth herein.

81. Defendants acts alleged above constitute unlawful trade practices in violation of Oregon's Unlawful Trade Practices Act, O.R.S. §§ 646.605–646.656, because in the course of its business, Defendants passed off goods as those of another, caused likelihood of confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods, used deceptive representations in connections with the goods, and advertised goods with the intent not to provide them as advertised.

82. On information and belief, Defendants acted with actual knowledge of Plaintiff's use of and rights to the E.O.S. Marks, without regard to the likelihood of confusion created by Defendant's activities.

83. Defendants' acts reveal an intentional, willful, and malicious intent to trade on the Plaintiff's valuable goodwill associated with its E.O.S. Marks.

84. By reason of Defendants' acts, Plaintiff has suffered an as yet to be determined but ascertainable loss of money as a result of the willful use or employment by a method, act, or practice declared unlawful by the Unlawful Trade Practices Act.

85. As a result of the unlawful trade practices as described above, Plaintiff is entitled to relief, including injunctive relief, recovery of damages, punitive damages, costs, and reasonable attorneys' fees.

COMPLAINT and JURY DEMAND
Page 13

MELTZER GRANT LLC
107 SE WASHINGTON ST. #410
PORTLAND, OR 97214
503-345-6912

## SEVENTH CAUSE OF ACTION—COMMON LAW TRADEMARK INFRINGEMENT AND

## UNFAIR COMPETITION

86.  Plaintiff incorporates paragraphs 1 through 85 above, as though fully set forth herein.

87.  Defendants' acts as described herein constitute common law trademark infringement and unfair competition in violation of the common law of the State of Oregon, and Defendants' have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion among ordinary consumers, in addition to injury to Plaintiff's valuable reputation and goodwill associated with its E.O.S. Marks.

88.  These actions have caused Plaintiff irreparable harm and, unless enjoined, Defendants' acts will continue to cause Plaintiff irreparable harm to its business, reputation, and goodwill.

89.  On information and belief, Defendants acted with full knowledge of Plaintiff's use of and rights to the E.O.S. Marks, without regard to the likelihood of confusion created by Defendant's activities.

90.  Defendants' actions reveal an intentional, willful, and malicious intent to trade on the Plaintiff's valuable reputation and goodwill associated with its E.O.S. Marks.

91.  These actions have caused Plaintiff irreparable harm and, unless enjoined, Defendants' acts will continue to cause Plaintiff irreparable harm to its business, reputation, and goodwill.

92.  As a result of the common law trademark infringement and unfair competition described above, Plaintiff is entitled to relief, including injunctive relief, recovery of Defendant's profits, actual damages, and costs.

//

//

MELTZER GRANT LLC
107 SE WASHINGTON ST. #410
PORTLAND, OR 97214
503-345-6912

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that:

(I)   Defendants and their agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting in concert or participation with them, be enjoined permanently from:

      a.   using any reproduction, counterfeit, copy or colorable imitation of the E.O.S. Marks to identify any goods not authorized by Plaintiff; and

      b.   using any trademark, service mark, name, logo, design or source designation of any kind on or in connection with Defendants' goods that is likely to cause confusion, mistake, deception, or public misunderstanding that such goods are produced, provided, sponsored, authorized by Plaintiff, or are in any way connected to Plaintiff; and

      c.   using any trademark, service mark, name, logo, design or source designation of any kind on or in connection with Defendant's goods that is likely to dilute the distinctiveness of Plantiff's trademarks, names, or logos in Oregon; and

      d.   passing off, palming off, or assisting in the passing or palming off, Defendants' goods as those of Plaintiffs.

(I)   Defendants, within thirty (30) days of judgment herein, file and serve on Plaintiff a sworn statement setting forth in detail the manner and form in which Defendants have complied with this injunction pursuant to 15 U.S.C. § 1116(a).

MELTZER GRANT LLC
107 SE WASHINGTON ST. #410
PORTLAND, OR 97214
503-345-6912

(II)      Defendants be ordered to recall all "USA Made Monkey Pipes," any smoking pipes bearing Plaintiff's E.O.S. Marks, or any other confusingly similar variation thereof, that have been shipped by or under the authority of Defendants to any of its customers, including wholesalers, and to deliver a copy to each customer of this Court's order as it relates to this injunctive relief against Defendants.

(III)      Defendants be ordered to produce for impoundment and destruction all materials in its possession, custody, or under its control, that are found to infringe or otherwise unfairly compete with Plaintiff's E.O.S. Marks.

(IV)      Defendants be ordered to account to Plaintiff all profits derived by Defendants from the sale and distribution of the infringing goods.

(V)      Plaintiff be awarded all damages caused by Defendants' actions.

(VI)      Plaintiff's damages award be trebled and the award of Defendants' profits be enhanced pursuant to 15 U.S.C. § 1117(a) because of Defendants' knowing and intentional use of confusingly similar imitations of Plaintiff's E.O.S. Marks; or alternatively that Plaintiff be awarded statutory damages under 15 U.S.C. § 1117(c) of up to $1,000,000 for each of the E.O.S. Marks counterfeited;

(VII)      Defendants be required to pay Plaintiff's costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(a) that Plaintiff has and will incur in this action.

(VIII)      Plaintiffs be awarded punitive damages because on Defendants' willful infringement of Plaintiff's E.O.S. Marks.

(IX)      For prejudgment interest on the amount of the award to Plaintiff and for post-judgment interest until paid;

Meltzer Grant LLC
107 SE Washington St. #410
Portland, OR 97214
503-345-6912

(X)      And for such other and further relief as the Court deems equitable, proper, and just.


DATED: April 10, 2012                              MELTZER GRANT LLC

                                                  by  s/ John E. Grant, III
                                                  John E. Grant, III OSB #112052
                                                  107 SE Washington St., Suite 410
                                                  Portland, OR 97214
                                                  T: 503-345-6912
                                                  F: 503-345-6912
                                                  E: john@meltzergrant.com
                                                  Attorneys for Plaintiff

COMPLAINT and JURY DEMAND
Page 17

MELTZER GRANT LLC
107 SE WASHINGTON ST. #410
PORTLAND, OR 97214
503-345-6912